UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Amanda Michelle Langill**

   v.                                    Civil No. 13-cv-527-PB
                                        Opinion No. 2015 DNH 002
**Carolyn W. Colvin,**
**Acting Commissioner,**
**Social Security Administration**


MEMORANDUM AND ORDER


Amanda Michelle Langill seeks judicial review of the Social
Security Administration's refusal to reopen her previously
denied claim for disability insurance benefits.  The
Commissioner has moved to dismiss Langill's complaint for lack
of subject matter jurisdiction.  For the reasons that follow, I
deny the Commissioner's motion.


I.   BACKGROUND

In July 2009, Langill, acting without legal counsel, filed
a claim for disability insurance benefits and supplemental
security income.  In that claim, Langill alleged disability due
to "[f]ibromyalgia, rapid heartbeat, sinus arrhythmia, and foot
problems."  Tr. 290.  The Social Security Administration denied
Langill's claim in October 2009.  Langill did not timely seek

further review of the Commissioner's denial, rendering the
decision final.

On August 2, 2011, Langill filed another claim for
disability benefits, this time represented by counsel.  In that
claim, Langill sought supplemental security income as of her
application date.  She also asked the Commissioner to reopen her
previously denied claim for disability insurance benefits,
alleging an onset date of December 31, 2008, her date last
insured.  Her claim was denied in December 2011, and she
requested a hearing before an Administrative Law Judge ("ALJ").
That hearing took place on October 24, 2012.

On October 26, 2012, the ALJ found Langill disabled as of
her application date, August 2, 2011, and awarded her
supplemental security income benefits as of that date.  Tr. 22.
The ALJ, however, declined to reopen Langill's prior claim for
disability insurance benefits.  Tr. 14-15.  He found that
Langill had not submitted new and material evidence, and he
determined that Langill did not lack the mental capacity to
understand the procedures for seeking further review of her
claim when it was denied in October 2009.  Tr. 14-15.  Thus, he
concluded, Langill had failed to demonstrate good cause to

reopen her initial claim.  Tr. 14-15.

The Appeals Council affirmed the ALJ's decision in November 2013.  On December 9, 2013, Langill filed a complaint in this Court seeking judicial review of the ALJ's refusal to reopen her 2009 application for disability insurance benefits.  Doc. No. 1. On May 23, 2014, Langill filed an amended complaint.  Doc. No. 13.  As is relevant here, the amended complaint alleges that Langill "suffered violation of her due process because the ALJ did not follow SSA regulations to determine if she had good cause for re-opening . . . [Langill] showed good cause based on mental capacity and new and material evidence."  Id. at 1.

The Commissioner now moves to dismiss Langill's amended complaint for lack of subject matter jurisdiction.  Doc. No. 15.

## II.  ANALYSIS

As this Court recently explained:

The Social Security Act grants district courts jurisdiction to review only "final decision[s]" of the Commissioner.  See 42 U.S.C. § 405(g).  Both the Supreme Court and the First Circuit have held that the Commissioner's denial of a request to reopen a prior claim is a discretionary action, not a "final decision," and therefore is not subject to judicial review.  See id.; Califano v. Sanders, 430 U.S. 99, 108 (1977); Dvareckas v. Sec'y of Health and Human Servs., 804 F.2d 770, 772 (1st Cir. 1986) . . . see

also Martin v. Shalala, 927 F. Supp. 536, 543 (D.N.H. 1995).  A claimant may avoid the final decision requirement for judicial review only by raising a colorable constitutional claim against the Commissioner's action.  See Sanders, 430 U.S. at 108-09; Dvareckas, 804 F.2d at 772.

Nerich v. Colvin, 2014 DNH 239, 14-15.

The amended complaint claims, in relevant part, that Langill "showed good cause based on mental capacity."  Doc. No. 13 at 1.  In other words, Langill argues both in the amended complaint and in her motion to reverse the Commissioner's decision that she lacked the mental capacity to understand the procedures for requesting further review of her initial claim after the Commissioner denied it in 2009.  See Doc. No. 13 at 1; Doc. No. 11-1 at 5.  An allegation of past mental impairment that prevented an unrepresented claimant from timely seeking further review of a denied claim can raise a constitutional claim that is subject to judicial review.  See Klemm v. Astrue, 543 F.3d 1139, 1144-45 (9th Cir. 2008); Boothby v. Soc. Sec. Admin. Comm'r, No. 97-1245, 1997 WL 727535, at *1 (1st Cir. Nov. 18, 1997) (unpublished); Dupont v. Astrue, 2010 DNH 214, 5.  To be amenable to judicial review, however, the constitutional claim must be "colorable."  Boothby, 1997 WL 727535, at *1.  The colorable constitutional claim requirement "is not an onerous

4

standard."  Id.  Only "patently frivolous" constitutional

claims, or those that are "wholly insubstantial, immaterial, or

frivolous," will fail to satisfy the colorable standard.  See

id. (internal quotations omitted).

 After reviewing the record, I conclude that Langill's

constitutional claim that she lacked the mental capacity to

understand how to appeal her 2009 denial is colorable.  It is

undisputed that Langill was not represented by counsel when she

filed her initial claim.  A doctor who examined Langill at

around the time her initial claim was denied determined that she

was suffering from depression and noted that she was taking

antidepressants.  Tr. 280.  The doctor also noted that Langill

was experiencing "memory changes" and "foggy brain" at that

time.  Tr. 281.  "While this is not overwhelming evidence, it

does amount to a claim that is not 'wholly insubstantial,

immaterial, or frivolous.'"  Dupont, 2010 DNH 214, 6 (quoting

Boothby, 1997 WL 727535, at *1) (finding colorable

constitutional claim under similar facts, where claimant alleged

that depression prevented her from understanding how to seek

further review of denied claim).

Arguing that Langill's claim is not colorable, the Commissioner notes that Langill did not allege disability due to mental illness in her initial claim and that other medical evidence from 2009 undermines her depression diagnosis.  <u>See</u> Doc. No. 17 at 3.  Although these facts might be relevant on substantial evidence review of the ALJ's decision, they do not render Langill's claim, which is supported by an objective medical evaluation, "wholly insubstantial, immaterial, or frivolous."  <u>See</u> <u>Boothby</u>, 1997 WL 727535, at *1.  Because Langill's constitutional claim that depression and memory problems prevented her from understanding how to appeal her 2009 denial is colorable, this Court has jurisdiction to adjudicate it.

The Commissioner argues that this Court lacks subject matter jurisdiction in this appeal for two other reasons. First, she contends that the amended complaint attacks only "the merits of the ALJ's finding that [Langill] had not demonstrated good cause based on submission of new evidence," an argument that this Court would lack jurisdiction to hear.  Doc. No. 15-1 at 3.  That the Commissioner would make this argument is understandable, given the complaint's oblique and sparse

6

articulation of the constitutional claim.  Nevertheless, the

complaint pleads that Langill "showed good cause based on mental

capacity and new and material evidence."  Doc. No. 13 at 1

(emphasis added).  That phrase may be fairly read to separately

challenge the ALJ's refusal to reopen on the independent grounds

of both mental incapacity and new and material evidence.  As the

Commissioner correctly observes, it is beyond question that this

Court lacks jurisdiction to hear any challenge to the ALJ's

determination that the additional evidence offered by Langill

with her second claim was not new and material.[1]  The complaint,

however, raises the mental incapacity argument as an independent

basis on which to challenge the ALJ's decision, and as I have

explained, this Court has jurisdiction to hear that

constitutional claim.  The Commissioner's argument, therefore,

is unpersuasive.

---

[1] It is well settled that district courts lack subject matter
jurisdiction to review an ALJ's conclusion that additional
evidence submitted by a claimant is not new and material and,
therefore, does not warrant reopening.  See Dvareckas, 804 F.2d
at 772 ("Whether additional medical reports are new or material
or warrant reopening is precisely the type of issue which,
absent a constitutional claim, [federal courts] may not review .
. . .");  Nerich, 2014 DNH 239, 14-15.  To the extent that
Langill means to press this argument, therefore, it is a
nonstarter.

7

Second, the Commissioner argues that Langill's constitutional claim is inadequately pled because "[n]owhere in her Amended Complaint does [Langill specifically] allege that mental incapacity prevented her from properly litigating her 2009 SSI claim."  Doc. No. 15-1 at 3.  Although the complaint does not allege Langill's mental incapacity argument with great specificity, the complaint, amplified by Langill's other filings and the administrative record in this appeal, provides sufficient notice of Langill's claim that her depression and memory problems prevented her from understanding how to seek further review of her initial claim when it was denied in 2009. See Doc. Nos. 13 at 1, 11-1 at 5; Tr. 15 (ALJ directly addressed, and rejected, Langill's mental incapacity claim). Thus, I will not dismiss the complaint on this basis.

## III.   CONCLUSION

For these reasons, I deny the Commissioner's motion to dismiss the amended complaint for lack of subject matter jurisdiction (Doc. No. 15).  Pursuant to Magistrate Judge Johnstone's Order dated July 1, 2014, the Commissioner shall file her Motion for Order Affirming the Decision of the

8

Commissioner, supporting Memorandum, and Joint Statement of

Material Facts within ten days.

    SO ORDERED.


                            /s/Paul Barbadoro
                            Paul Barbadoro
                            United States District Judge


January 8, 2015


cc:   D. Lance Tillinghast, Esq.
      Robert J. Rabuck, Esq.

9